# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

IN RE:

JORGE E. RODRIGUEZ WILSON

Debtor

**CASE NO. 15-2794 (MCF)**

**CHAPTER 11**

JORGE E. RODRIGUEZ WILSON

  Plaintiff,

**ADV. CASE NO. 15-163 (MCF)**

v.

GLADYS ARROYO HEREDIA

AND JOSE NATAR VAZQUEZ

Defendants.

## OPINION AND ORDER

Plaintiff Dr. Jorge E. Rodriguez Wilson filed an adversary complaint against Defendants, Gladys Arroyo Heredia, a judgment creditor, and her attorney, Jose Nater Vazquez, Esq., alleging willful violations of the automatic stay, damages and turnover of property.  Nater moves to dismiss the amended complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).  (Docket Nos. 64, 75 & 77).  Dr. Rodriguez opposes the motion to dismiss. (Docket No. 71 & 76).  For the reasons stated herein, the Court grants in part and denies in part the motion to dismiss.

1

## APPLICABLE LAW AND LEGAL ANALYSIS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure serves to assess the legal sufficiency of a complaint. Velez-Arcay v. Banco Santander de P.R. (In re Velez-Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013); Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. Detailed factual allegations are not mandated but the complaint must have sufficient factual matter. Surita-Acosta v. Reparto Saman, Inc. (In re Surita-Acosta), 464 B.R. 86, 90 (Bankr. D.P.R. 2012).

Under the standard established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009), the bankruptcy court must engage in a two-step process to determine whether relief should be granted under Rule 12(b)(6). First, a court must ascertain pleadings that are conclusory, and thereby not entitled to a presumption of truth. Second, a court must assume that well-pleaded factual allegations are true. In other words, the court must take the well-pled fact as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief. Iqbal, 556 U.S. at 679; Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995)(a motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts). A cause of action is plausible when the factual allegations permit the court to draw the reasonable inference that the defendant is liable for the harm alleged. Bell Atlantic, 550 U.S. at 556.

## I.      AMENDED COMPLAINT

The amended complaint alleges that Gladys Arroyo Heredia ("Arroyo") obtained a state court judgment against Dr. Rodriguez for tort damages.  Arroyo then pursued and obtained an

2

order and writ of attachment against Dr. Rodriguez' income stemming from health insurance providers. Nater represented Arroyo in the state court proceedings.

Plaintiff also alleges that due to the post-judgment attachments, Dr. Rodriguez' income became scarce forcing him to file a voluntary petition under chapter 13 of the Bankruptcy Code. The garnishments of Dr. Rodriguez' income continued, although the automatic stay was in effect. The court dismissed the bankruptcy case because Dr. Rodriguez' debt surpassed the limits established under the Bankruptcy Code making him ineligible under chapter 13. Dr. Rodriguez refiled for bankruptcy but under chapter 11 of the Bankruptcy Code which has no statutory limits. Although both defendants had notice of the each of the bankruptcy filings, the garnishments continued anyway.

Dr. Rodriguez seeks damages for willful violation of the automatic stay and turnover of the monies garnished from Dr. Rodriguez due to the violations of stay and preferential transfer. Specifically, count one of the amended complaint is for willful violation of the stay; count two is for damages and count three is for turnover of property.

Nater moves to dismiss on the following grounds: a) no willful violation of the automatic stay; b) Dr. Rodriguez has never provided adequate protection, so retention does not constitute a willful violation of the stay; c) no cause of action for preferential transfer against a non-creditor; and d) all cash collateral available after the first voluntary petition was dismissed and all the bankruptcy estate closed is beyond the preference avoidance period.

## II. <u>TURNOVER/PREFERENCE</u>

Nater argues that Dr. Rodriguez must prove every single element to establish a colorable claim for preference under Section 547(b) of the Bankruptcy Code, to wit:

3

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property-
>
> (1)    to or for the benefit of a creditor;
>
> (2)    for or on account of an antecedent debt owed by the creditor before such transfer was made;
>
> (3)    made while the debtor was insolvent;
>
> (4)    made-
>
> > (A)    on or within 90 days before the date of the filing of the petition; or
> >
> > (B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5)    that enables such creditor to receive more than such creditor would receive if
>
> > (A)    the case were a case under chapter 7 of this title;
> >
> > (B)    the transfer had not been made; and
> >
> > (C)    such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Dr. Rodriguez cannot establish the first element that the transfer was made "to or for the benefit of a creditor" because Nater is a non-creditor of Dr. Rodriguez; he is merely the attorney of the judgment creditor in the state court litigation. 11 U.S.C. § 547(b)(1). Nater argues that count three of the amended complaint for turnover and/or preferential transfer must be dismissed.

We agree. Dr. Rodriguez does not contest this point. The amended complaint does not make any allegations that Nater is a creditor of Dr. Rodriguez but acknowledges that Nater represented the judgment creditor in the state court action. As a matter of fact, the amended complaint does not appear to direct any preference action against Nater. If the amended complaint could be construed as a preference action against Nater under Section 547(b), Dr. Rodriguez could not prevail because Nater is a non-creditor of Dr. Rodriguez. Thus, the motion to dismiss is granted

4

as to count three of the amended complaint with respect to Nater.[1]

### III.      **VIOLATION OF STAY AND DAMAGES**

Turning to the first and second counts of the amended complaint, Dr. Rodriguez alleges that the first petition was filed on February 13, 2015.  On February 23, 2015, Dr. Rodriguez filed an urgent motion to stay the proceedings before the state court case.[2]  During the pendency of the first bankruptcy petition from February 26, 2015 to April 10, 2015, Dr. Rodriguez' monies were attached by defendants.  The amended complaint also alleges that after the second bankruptcy case was filed Dr. Rodriguez' income continued to be attached even though various motions were filed in state court to stay the proceedings due to the second bankruptcy filing.[3]  Dr. Rodriguez also alleges Nater was notified of both bankruptcy cases and asked to return the monies that were attached.

Nater argues that the amended complaint must be dismissed because he personally did not undertake the seizure of monies from Dr. Rodriguez.  Nater points the finger at the marshal who executed the attachment order issued by the state court judge.  After the issuance of the writ of post-judgment attachment, no additional action is ever required of or performed by Nater.

---

[1] Having determined that there is no preference action against Nater, there is no need to consider Nater's argument that all cash collateral available after the first voluntary petition was dismissed and the bankruptcy estate closed is beyond the preference avoidance period.

[2] See Exhibit to the Amended Complaint, Docket No. 25.  In considering a Rule 12(b)(6) motion, a court may evaluate "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(internal quotations and citations omitted).

[3] Paragraph 12 of the amended complaint alleges that $45,714.10 (from February 26, 2015 to April 10, 2015) was garnished during the pendency of the first case and $16,318.09 (from April 24, 2015 to September 3, 2015) was garnished during the current case.  There is slight discrepancy of four cents between the amounts expressed in paragraph 12 and paragraph 17 of the amended complaint.  Paragraph 17 avers $45,714.10 and $16,318.05.  Docket No. 25 at 3 & 5.

From the allegations of the amended complaint, the post-judgment attachment order and writ were issued by the state court prior to the filing of the first bankruptcy case.  However, from the dates alleged in the complaint, monies were attached after  both bankruptcy cases were filed. Although Nater blames the marshal for that action, the legal practice in the jurisdiction is that the judgment creditors through the assistance of their counsel present the writ of attachment to the marshal.  This court is not stating that this actually occurred in the state court action.  For such a finding, a trial must take place.  However, it could be that once the first prepetition attachment occurred, the marshal or the health insurance provider continued to garnish after the bankruptcy case(s) had been filed.  The court may ascertain "whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Aschcroft, 556 U.S. at 679.   Drawing from judicial experience, common sense and the amended complaint as written, counts one and two survive the motion to dismiss.

Nater's secondary argument does not persuade the court to dismiss the amended complaint. Nater argues that the stay violations must be dismissed against him because Dr. Rodriguez never provided adequate protection and that retention does not constitute a willful violation of the stay. Nater misses the point.  Based on the allegations of the amended complaint, which are treated as true for purposes of a 12(b)(6) motion, post-petition attachments occurred after the filing of the first and second bankruptcy cases.  Those attachments are void because they occurred during the bankruptcy cases.  Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969 (1st Cir. 1997). The automatic stay operates to prevent "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title."  11 U.S.C.

§ 362(a)(2).

Dr. Rodriguez is not required to afford adequate protection for post-judgment attachments that occurred after the bankruptcy case was commenced because such action is void. Soares, 107 F.3d 969. To support his 12(b)(6) motion, Nater cites In re Linsenbach, 482 B.R. 522 (Bankr. M.D. Penn. 2012), Miller v. Dusbabek (In re Miller), 2011 WL 6217342, 2011 Bankr. LEXIS 4982 (D. Colo. 2011), In re Giles, 271 B.R. 903 (Bankr. M.D. Fla. 2002); In re Olivas, 129 B.R. 122 (Bankr. W.D. TX 1991), for the proposition that the bankruptcy court cannot require a judgment creditor to release garnished funds and therefore plaintiff is unable to establish a violation of the automatic stay. However, these cases are inapplicable because they referred to garnished funds that were acquired prepetition. In the present case, the amended complaint seeks violations of the stay and turnover of funds for the post-petition garnished funds. The amended complaint also seeks turnover of prepetition garnished funds under the theory of preferential transfer. As stated above, the claims for preferential transfer apply to the judgment creditor and not to the attorney of the judgment creditor.

## CONCLUSION

Based on the aforementioned, Nater's motion to dismiss is granted as to count three of the amended complaint but is denied as to counts one and two of the amended complaint.

IT IS SO ORDERED.

In San Juan Puerto Rico, this 25th day of February 2016.

_____
MILDRED CABAN FLORES
U.S. Bankruptcy Judge

7